**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JASON KIMBALL | : | |
| | : | |
| Appellant | : | No. 257 MDA 2023 |

Appeal from the PCRA Order Entered January 16, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000812-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JASON KIMBALL | : | |
| | : | |
| Appellant | : | No. 258 MDA 2023 |

Appeal from the PCRA Order Entered January 16, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000813-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JASON KIMBALL | : | |
| | : | |
| Appellant | : | No. 259 MDA 2023 |

Appeal from the PCRA Order Entered January 16, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000814-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :--- | :--- | :--- |
| v. | : | |
|  | : | |
|  | : | |
| MICHAEL JASON KIMBALL | : | |
|  | : | |
| Appellant | : | No. 260 MDA 2023 |

Appeal from the PCRA Order Entered January 16, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000889-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:        **FILED: DECEMBER 29, 2023**

Michael Jason Kimball (Appellant) appeals from the January 16, 2023, orders entered in the Bradford County Court of Common Pleas, denying his petition seeking relief under the Post Conviction Relief Act (PCRA).[1]  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[2]  We conclude that the PCRA court deprived Appellant of his right to counsel and therefore vacate the order and remand for further proceedings.

The facts underlying Appellant's convictions are immaterial to our disposition.  We briefly note that Appellant faced charges at four separate

---

[1] 42 Pa.C.S. §§ 9541-9545.

[2] A petition to withdraw from PCRA representation must proceed under ***Commonwealth v. Turner,*** 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley,*** 550 A.2d 213 (Pa. Super. 1988) *(en banc).*  "Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter."  ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

criminal dockets. The Commonwealth and Appellant negotiated a global guilty plea, which specified that there was no agreement as to Appellant's sentence, except with respect to one charge. The trial court accepted the plea and ordered a pre-sentence report. Appellant subsequently received an aggregate sentence of 13 months and 10 days of incarceration to 56 months of incarceration, followed by one year of probation.

Appellant filed post-sentence motions, which were denied on May 4, 2022. Appellant did not file a direct appeal and his judgment of sentence became final on June 3, 2022. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days of order). One week later, on June 10, 2022, Appellant filed a *pro se* PCRA petition at each of the four dockets.

On June 23, 2022, the PCRA court appointed Jillian Kochis, Esq., to represent Appellant, and set a deadline of August 19, 2022, for Attorney Kochis to file an amended petition. *See* Order, 6/23/22 at 1 (unpaginated). The next entry in the certified record is an order giving "notice pursuant to Rule 907(1) . . . that the court is satisfied from review of the petition" that Appellant was not entitled to post-conviction relief. *See* Order, 12/12/22, at 1 (unpaginated). The PCRA court issued an accompanying opinion, which included a recognition that "[n]o amendment was filed." PCRA Ct. Op., 12/12/22, at 1 (unpaginated). Thereafter, the PCRA court denied the petition on January 16, 2023.

Attorney Kochis filed timely notices of appeal at all four dockets on February 15, 2023. She also filed motions to withdraw, stating that she was

"currently unable to fulfill her obligations of representation in this matter due to the tedious and time-consuming nature of PCRA [p]etitions." **See** Motions to Withdraw, 2/15/23, at 2. The PCRA court did not rule on her withdrawal requests, but instead issued orders requiring Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Orders, 3/10/23 at 1 (unpaginated).

Meanwhile, on March 7, 2023, Attorney Kochis filed, in this Court, applications seeking to withdraw as counsel and appoint substitute counsel. Attorney Kochis did not cite time constraints; instead, she stated that on January 25, 2023, another client advised her "that he was a victim of one of Appellant's alleged criminal offenses" at one of the dockets. **See** Applications to Withdraw, 3/7/23, at 1 (unpaginated). Attorney Kochis asserted a conflict of interest, cited the outstanding motions to withdraw at the Court of Common Pleas level, and explained that the notices of appeal were filed to ensure Appellant's rights were preserved. **See id.** at 2-3. In response, this Court directed the PCRA court to address the pending motions to withdraw. Thereafter, on March 31, 2023, the PCRA court granted Attorney Kochis permission to withdraw at all four dockets. The PCRA court also appointed Attorney Terry McDonald, Esq., to represent Appellant on appeal.[3]

Attorney McDonald has now filed petitions to withdraw and an **Anders** brief with this Court. The Commonwealth has not filed an appellee brief.

---

[3] This Court consolidated the appeals *sua sponte*. **See** Order, 6/26/23.

Ordinarily, we would proceed to examine whether counsel's application to withdraw and accompanying brief satisfy the procedural and substantive requirements of our caselaw. **See Widgins**, **supra** at 819. That review is unnecessary, however, as we conclude that Appellant was denied his right to counsel for his first PCRA petition. **See Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1999) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel."); Pa.R.Crim.P. 904(C) (indigent petitioners are entitled to appointment of counsel to represent them in litigating their first PCRA petitions).

The PCRA court denied Appellant of his right to counsel by addressing the merits of his *pro se* claims rather than waiting for appointed counsel to act. In **Commonwealth v. Johnson**, 179 A.3d 1153 (Pa. Super. 2018), we held that when appointed counsel files an amended PCRA petition, he or she cannot incorporate by reference the *pro se* claims.

> Counsel's attempt to incorporate by reference, without any further explanation or elaboration upon the legal validity of such claims, amounts to hybrid representation, which is not permitted. **See Commonwealth v. Tedford**, 598 Pa. 639, 960 A.2d 1, 10 n.4 (2008) ("[A] criminal defendant currently represented by counsel is not entitled to 'hybrid representation'—*i.e.*, he cannot litigate certain issues *pro se* while counsel forwards other claims.") (citations omitted); **Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) ("[T]he PCRA court is only permitted to address issues raised in a counseled petition.") (citations omitted). It is incumbent upon counsel to examine the merits of the *pro se* claims and determine whether those issues are worth pursuing in an amended petition. Thus, the *pro se* claims could not be merely incorporated, and, in turn, are waived on appeal. Accordingly, we find that the sole claim preserved for our review is the one contained in the counseled PCRA petition.

*Id.* at 1157 (footnote omitted).

While an amended petition was not filed in the present case, **Johnson** illustrates that a PCRA court cannot address the merits of an appellant's *pro se* claims while he is represented by counsel. The purpose of appointing counsel is to develop the *pro se* claims, if warranted, in an amended petition. Alternatively, if counsel seeks "to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, [counsel] must . . . file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed pro se or with a privately retained attorney." **Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted). Moreover, this process provides additional protection as "[o]nce counsel has been appointed for an indigent petitioner, the rules of criminal procedure further contemplate after reviewing the certified record appointed counsel may . . . elect to raise additional issues beyond those which the petitioner raised in the initial *pro se* filing." **Commonwealth v. Padden**, 783 A.2d 299, 308 (Pa. Super. 2001).

By addressing the merits of Appellant's *pro se* claims without the benefit of appointed counsel's review and compliance with the procedures outlined above, which could include raising additional issues, the PCRA court deprived Appellant of his rule-based right to counsel. We are therefore constrained to deny counsel's applications to withdraw, reverse the PCRA court's orders, and remand the matter for further proceedings. "[T]he fact that [Appellant] was

effectively denied his right to counsel in his first PCRA petition requires us to vacate the court's . . . order denying his petition." ***Commonwealth v. Willis***, 29 A.3d 393, 400 (Pa. Super. 2011).

On remand, we direct the PCRA court to relieve current counsel and appoint new counsel. ***See Willis***, 29 A.3d at 400 (directing PCRA court to relieve counsel and appoint new counsel where counsel had filed "no merit" letter and motion to withdraw and advocated against client's interests at hearing conducted prior to court ruling on motion). New counsel shall then file an amended petition, or a proper ***Turner***/***Finley*** "no merit" letter and accompanying request to withdraw.

Orders reversed. Applications to withdraw denied. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/29/2023